## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   ALLEN A. SCHAFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| 1.   FAIRMOUNT MINERALS, LTD., | ) | |
| 2.   TECHNISAND, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a civil action alleging employment discrimination and illegal discharge from employment because of gender and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII"). against Fairmount Minerals, Ltd., and Technisand, Inc., as former joint employers of Plaintiff. Plaintiff also asserts a state law claim against one of the named Defendants, Fairmount Minerals, Ltd., for interference with employment in the event said Defendant is found not to have been a joint employer of Plaintiff.

### II. PARTIES

2. Plaintiff, Allen A. Schafer, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of Roff, Oklahoma, and worked for Defendants at its facility in Roff, Oklahoma.

3. Defendant, Fairmount Minerals, Ltd. ("Fairmount"), is a foreign business entity with its headquarters in Chesterland, Ohio. Fairmount does business in Oklahoma and employs individuals to work in Roff, Oklahoma.

4. Defendant, Technisand, Inc. ("Technisand"), is a foreign for profit business corporation incorporated in Delaware with its headquarters and principal place of business in a state other than Oklahoma.

### III. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e5(f)(3). This Court also has diversity jurisdiction over both Defendants for any state law claims pursuant to 28 U.S.C. § 1332. Finally, this Court has jurisdiction over the state law claim against Fairmount Minerals, Ltd., pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5 (f)(3).

### IV. CONDITIONS PRECEDENT

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 19, 2013. Plaintiff was issued a notice of right to sue dated July 19, 2013, and this lawsuit was filed within ninety (90) days of Plaintiff's receipt of such notice.

8. Plaintiff has exhausted his administrative remedies under federal law.

## V. **FACTUAL ALLEGATIONS**

9. Defendants do business in Roff, Oklahoma, where Plaintiff was employed. Defendants were joint employers of Plaintiff because each was a part of an integrated enterprise or because each Defendant was under common ownership and control for operational, financial, labor, and human resources purposes.

10. Plaintiff was employed by Defendants from approximately May 30, 2011, until on or about November 16, 2012, when he was discharged from employment by Jose Luis Perez Flores, Southern Regional Manager for Fairmount.

11. Plaintiff was qualified to perform his job duties, and performed his job duties, first as a Utility Man/Pull Off and then as a Crew Leader, in a very satisfactory manner while employed by Defendants.

12. Plaintiff is a male.

13. Prior to Plaintiff's discharge on or about November 16, 2012, he reported to management that Kristina Sampson, a female Lab Tech, was sleeping on the job. Thereafter, Sampson threatened that she was "out to get" Plaintiff because he had turned her in for sleeping on the job.

14. After the threat was made against Plaintiff by Sampson, he reported it to management. No discipline or corrective action was taken against Sampson.

15. Sampson then made a complaint to management about political comments that Plaintiff had made which allegedly offended her. Plaintiff was discharged for making alleged comments when similar or worse comments were made by other employees.

16. The Defendants also questioned other employees about Plaintiff's firearms which he kept in his vehicle. Plaintiff's activities in regard to his firearms did not violate company policy and were not different from other employees.

17. Defendants disciplined Plaintiff more severely than Sampson, a female, for violation of company policy or work rules. The discriminatory treatment against Plaintiff was due to his gender and in retaliation because he had complained about more favorable treatment given to Sampson because of her gender and about the threats made by Sampson.

18. Reasons given by Defendants for adverse actions against Plaintiff are pretextual.

19. As a result of Defendants' actions, Plaintiff has suffered a loss of employment; loss of career path and seniority; loss of compensation and benefits; and compensatory damages, including, without limitation, those for humiliation, embarrassment, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety. The amount of damages and losses sustained by Plaintiff due to Defendants' illegal actions exceeds $75,000, exclusive of interest and costs.

20. All adverse actions taken by Defendants against Plaintiff were intentional, willful, malicious, and/or in reckless disregard for the legal rights of Plaintiff.

## VI. FIRST COUNT:
## VIOLATION OF TITLE VII

21.  Plaintiff incorporates hereunder by reference paragraphs 1-20, as set forth above.

22.  Each Defendant employs over fifteen (15) employees.

23.  Each Defendant is engaged in interstate commerce.

24.  Each Defendant is an "employer" as that term is defined in Title VII, and each Defendant is subject to the requirements of Title VII.

25.  Defendants' adverse actions taken against Plaintiff because of his gender and/or retaliation violated Title VII.

26.  As a result of Defendants' illegal actions under Title VII, Plaintiff has suffered personal injury, losses, and damages, as set forth in paragraph 19, above. Each Defendant is jointly and severally liable for all losses and damages caused to Plaintiff for violations of Title VII.

27.  Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII, including, without limitation: back pay, reinstatement to his rightful place or front pay in lieu thereof, compensatory and punitive damages, his costs and attorney's fees, and appropriate declaratory and injunctive relief.

## VII. SECOND COUNT AGAINST FAIRMOUNT MINERALS, LTD.:
## TORT OF INTENTIONAL INTERFERENCE WITH EMPLOYMENT

28.  Plaintiff incorporates hereunder by reference paragraphs 1-27, as set forth above.

29. Alternatively, and in the event Fairmount was not a joint employer of Plaintiff, Plaintiff hereby asserts a cause of action against Fairmount for the common law tort of intentional interference with Plaintiff's employment with Technisand.

30. Jose Luis Perez Flores, Southern Regional Manager for Fairmount, informed Plaintiff that he was terminated from employment with Technisand due to "direct violation of Fairmount Minerals Employee Guidelines".

31. The actions taken by Fairmount in interfering with Plaintiff's employment were done intentionally, willfully, maliciously, in bad faith, and without legal justification.

32. As a result of the actions by Fairmount, Plaintiff sustained losses as set forth in ¶ 19, above, and Fairmount is liable for such losses caused by its interference with Plaintiff's employment, including, but not limited to, all compensatory and punitive damages.

## VIII.  JURY TRIAL REQUESTED

33. Plaintiff is entitled to a jury trial as to each and every cause of action or claim asserted herein, and he hereby requests a jury trial.

## IX.  PRAYER FOR RELIEF

34. Plaintiff prays for judgment as appropriate and as follows against each Defendant jointly and severally:

    A. Payment to Plaintiff of back wages and benefits;

    B. Reinstatement to Plaintiff's rightful position to which he would be

entitled but for Defendants' illegal actions, or alternatively, appropriate front pay;

C. All compensatory damages, including, but not limited to, those for humiliation, embarrassment, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety;

D. Punitive or exemplary damages;

E. Pre-judgment and post-judgment interest;

F. Declaratory and injunctive relief as appropriate; and,

G. Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

s/ Raymond C. Durbin
OBA No. 2554
601 N.W. 13th Street
Oklahoma City, OK 73103-2213
Telephone: (405) 521-0577
Fax: (405) 525-0528
E-mail: durbinlaw@flash.net

ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**

**JURY TRIAL DEMANDED.**